**\*E-FILED:   September 6, 2013\***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., as successor in interest by purchase from the FDIC as Receiver of Washington Mutual Bank, F/K/A Washington Mutual Bank, F.A.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KATHERINE L. WOODTHORP; STEPHEN L. AUFDERMAUR; and DOES 1-50, inclusive,<br><br>　　　　　　Defendants. | Case No.  5:13-cv-04064 HRL<br><br>**ORDER THAT THIS CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |

On September 3, 2013, Katherine Woodthorp and Stephen Aufdermaur filed a "Complaint and Notice of Removal," purporting to remove a state court action filed against them by JPMorgan Chase Bank (Chase) in Santa Cruz County Superior Court. For the reasons stated below, this court recommends that this matter be remanded to the state court.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the removing party to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if,

based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. The record reveals that Chase's original and first amended complaints allege only state law claims for relief. (See Dkt. Nos. 8 and 9). And, while defendants have styled their Notice of Removal as an affirmative complaint here, the allegations of that document mirrors those in a "Cross-Complaint" they filed against Chase in the underlying state court action. (See Dkt. No.14). Allegations in the "Complaint and Notice of Removal" made in response to Chase's complaint cannot provide this court with federal question jurisdiction.

There is also no basis for diversity jurisdiction. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. §1332. Here, defendants admit that they are California citizens. (Dkt. No. 1 at ¶ 1). As such, they cannot remove the underlying state court action on the basis of diversity. 28 U.S.C. § 1441(b)(2) (an action may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); see also Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

Because not all parties have consented to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge remand the state court case to the Santa Cruz County Superior Court. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:   September 6, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1   5:13-cv-04064-HRL Notice has been electronically mailed to:

2   Karla Gottschalk      dr.karlagottschalk@gmail.com